# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| DWIGHT CHANEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ARCHER-DANIELS-MIDLAND COMPANY,<br><br>　　　　　Defendant.<br><br>v.<br><br>JACOBS ENGINEERING GROUP, INC. AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Third-Party Defendants. | CASE NO.: 8:21-cv-00403<br><br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

　　Upon consideration of the parties' proposed Joint Stipulated Protective Order, the Court enters the following Protective Order governing the disclosures of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

　　Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Dwight Chaney ("Chaney" or "Plaintiff"), Defendant Archer-Daniels-Midland Company ("ADM"), and third-party defendants Jacobs Engineering Group, Inc. ("Jacobs"), and Zurich American Insurance Company ("Zurich," and together with ADM and Jacobs, "Defendants," and all together with Plaintiff, the "Parties"), move for entry of this Joint Stipulated Protective Order ("Order"). Discovery in the above-captioned matter likely will require disclosure of confidential information. The following provisions of this Order shall control the disclosure, dissemination, and use of such information.

## I. SCOPE OF PROTECTED INFORMATION

Discovery in this action may require the production of information constituting, in whole or in part, protected information such as trade secrets, non-public research and development, sensitive commercial or proprietary information, financial information, personal medical information, or other information whose production may injure the producing party, another party, or any nonparty. The Parties have thus agreed to the production of such sensitive and confidential information under the protections of this Order. Entry of this Order does not prevent any party from seeking discovery-related relief from the Court, including by motion for protective order, motion to compel, or motion for sanctions.

**Confidential Information:** Any party producing information ("Producing Party") may designate information as Confidential Information ("Designating Party"). "Confidential Information" means information, regardless of how generated, stored, or maintained, or tangible things not generally made available to the public by the Designating Party, that the Designating Party believes in good faith constitutes non-public, trade secret, proprietary, commercially-sensitive information; confidential product formulae, product information, or business processes; or information subject to a confidentiality agreement; or required to be treated as confidential by any state or federal authority.

## II. DESIGNATION OF PROTECTED INFORMATION

A Designating Party should designate information as Confidential Information at the time of disclosure, but may make the designation at any time. The failure to designate any information as Confidential Information may be corrected, and does not constitute a waiver of protection. A

Producing Party may designate information as Confidential Information even after production or disclosure of such information.

A Designating Party may designate information as Confidential Information in any reasonable manner sufficient to notify the party receiving the information ("Receiving Party"), except that

- If the Confidential Information is disclosed verbally, the Designating Party must obtain written confirmation from the Receiving Party as soon as practicable; and
- In the case of documents or other electronically stored information, by affixing the term "CONFIDENTIAL" in a conspicuous, nonobstructive location on every page containing Confidential Information.

Deposition Confidentiality Designations. Deposition testimony is provisionally protected in its entirety for a period of 30 days following dissemination of the transcript by the court reporter. The Parties may agree to any alternative period of time for provisional protection of deposition testimony. Prior to the expiration of the provisional period, a Designating Party must designate specific portions of the transcript as Confidential Information. Confidentiality designations on depositions must be made in writing such that all Parties and court reporters may append the designation to all copies of the transcripts.

Acknowledgement to be Bound. Prior to receiving Confidential Information, a nonparty must sign the written acknowledgement to be bound by this Order attached hereto as **Exhibit 1** ("Acknowledgement"). If a nonparty wishes to designate information as Confidential Information, it must sign an Acknowledgement. These requirements do not apply to the officers, managers, employees, agents, attorneys, parent companies, or subsidiaries of the Designating Party.

### III. CHALLENGES TO DESIGNATED INFORMATION

If a Receiving Party objects to a designation, it must first attempt to informally resolve the objection in good faith with the Designating Party. If the Parties cannot resolve the disagreement informally, the Receiving Party must provide written notice of its objections, whereupon the Designating Party must respond in writing within 21 days. The Receiving Party may then raise the issue with the Court. The Confidential Information subject to the dispute shall remain subject to that designation and entitled to all protections hereunder unless and until the Designating Party or the Court determines otherwise. A Receiving Party's failure to object to a designation does not constitute a concession that the designation is proper or an admission that the information is otherwise admissible, competent, relevant, or material.

### IV. LIMITED ACCESS/USE OF CONFIDENTIAL INFORMATION

Confidential Information may be used solely in this action, any appeal of this action, and any settlement of this action. All persons in possession of Confidential Information agree to exercise reasonable care with regard to the custody, use, and storage of such information to ensure confidentiality is maintained. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

Confidential Information may only be accessed or reviewed by, or disclosed or otherwise communicated to only the following:

    a. The Court, its personnel, and court reporters;

    b. Counsel of record to any Party, and employees or associates of counsel of record, but only for the purposes of this action and provided that they are made aware of the terms of this Order;

    c. In-house legal counsel of any Party;

    d. Experts or consultants, whether testifying or non-testifying, including employees and staff of such experts or consultants, retained by the Receiving Party or its counsel for the purpose of providing expert advice, testimony, or consultation in this action;

    e. Insurers or risk pool providers of the Parties, including employees and staff of such insurers and risk pool providers, claims personnel, attorneys, and paraprofessionals;

    f. Potential witnesses and/or deponents to whom counsel to one the Parties believes in good faith disclosure is necessary to assist in this action, provided that such witness signs the written acknowledgement to be bound by this Order;

    g. Neutral mediators retained by the mutual agreement of the Parties or assigned by the Court; and

    h. Professional vendors providing litigation administrative and support services to whom disclosure is reasonably necessary.

<u>Review of Acknowledgements</u>. Any Designating Party may demand to review all copies of signed Acknowledgements in any Receiving Party's possession at any time and for any purpose, including to monitor compliance with the terms of this Order. A Receiving Party must comply within three business days of the demand. Any Receiving Party in possession of Acknowledgements signed by experts whose disclosure has not yet been made required, may identify the number of Acknowledgements issued to such undisclosed experts, provided that such Receiving Party must disclose the signed Acknowledgement contemporaneous with its expert disclosures. A Receiving Party is not obligated to disclose the signed Acknowledgement of a

consulting expert whose identity need not be disclosed under the Federal Rules of Civil Procedure. The Designating Party may nevertheless provide the Court evidence of breach of this Order, whereupon the Court may order *in camera* production and review of all Acknowledgements held by the Receiving Party to determine compliance with and consider enforcement of this Order.

Confidential Information Requested at Deposition. If during any deposition any testimony concerning Confidential Information is sought, the Designating Party may exclude any person from the deposition during such testimony if the Confidential Information is prohibited from disclosure to that person under the terms of this Order.

Confidential Information Requested via Subpoena. If any Confidential Information is requested from a Receiving Party via subpoena, governmental request, or court order, such Receiving Party must immediately, and in no event later than five business days prior to the required date of compliance with the request, notify the Designating Party in writing and via telephone of the request. In no event may a Receiving Party disclose Confidential Information in response to such request without five business days' advance notice to the Designating Party.

Production of Nonparty Information. If any Party seeks the production of a nonparty's confidential information from another Party through a valid discovery request, and the Party receiving the discovery request is subject to a confidentiality agreement with such nonparty, the recipient of the discovery request must promptly: (1) notify the nonparty and the propounding Party some or all of the information sought via the discovery request is subject to a confidentiality agreement with the nonparty;  provide the nonparty with a copy of this Order, the discovery request, and a reasonably specific description of the information sought; and (3) allow the nonparty to inspect the information to be produced, at its request.

If the nonparty does not object to production of its confidential information, or fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the nonparty's confidential information. If the nonparty timely objects to production or moves this Court for a protective order, the Receiving Party may not produce the requested information until resolution by this Court. Absent a Court order to the contrary, the nonparty bears the burden and expense of moving for protection from this Court.

## V. CLAWBACK REQUESTS

Failure to Make Designation. A party or nonparty that discovers it has produced or disclosed confidential information must promptly notify in writing all Receiving Parties of the confidential information ("Clawback Request"). The Receiving Party must then request reproduction of the information as Confidential Information. Within 14 days of receiving the Clawback Request, the Receiving Party must (1) provide written certification to the Designating Party it has appropriately marked as Confidential or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it is practicably unable to mark or destroy any information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting such information, with regard to the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

## VI. DURATION/CONTINUED RESTRICTIONS

This Order shall survive conclusion of this action and any appeal of this action. Upon conclusion of this action and any appeal of this action, all Receiving Parties must return or destroy

all Confidential Information under their custody or control, regardless of how such Confidential Information is stored or maintained.

Within 60 days after the later of (1) dismissal; (2) expiration of all appeal deadlines; or (3) dismissal or conclusion of any other pending action brought by claimants represented by counsel in this matter, all Receiving Parties must certify to each Designating Party all Confidential Information has been destroyed or returned to the rightful party. All electronic copies of all Confidential Information must be deleted from all computer systems, disks, and other electronic medium and devices. No party, nonparty, or witness may retain Confidential Information received from any other party or nonparty under this Order.

Counsel of record and insurers are authorized to retain one copy for their respective legal files, and must describe to all Designating Parties the extra steps taken to seal the legal files containing copies of Confidential Information to ensure prevention of access, use, or disclosure of the same, consistent with this Order. This provision does not apply to the Court or Court staff.

### VII.    REQUESTS TO SEAL

<u>Filing Confidential Information Under Seal</u>. Any documents designated "Confidential" filed with the Court must be filed under seal, in accordance with all applicable Court and chamber rules. All Confidential Information found on such documents publicly filed with the Court must be redacted. This obligation extends to any descriptions, summaries, explanations, paraphrasing, or analysis of Confidential Information.

Dated this 3rd day of May, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| DWIGHT CHANEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ARCHER-DANIELS-MIDLAND COMPANY,<br><br>Defendant.<br><br>v.<br><br>JACOBS ENGINEERING GROUP, INC. AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>Third-Party Defendants. | CASE NO.: 8:21-cv-00403<br><br>**EXHIBIT 1 – AGREEMENT TO BE BOUND BY JOINT STIPULATED PROTECTIVE ORDER** |

　　　　1.　　I, _____, have received and read the Joint Stipulated Protective Order concerning the confidentiality of documents and information in the above-captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential documents and information. I also understand that the Protective Order restricts the use, disclosure, and retention of such confidential documents and information and also requires the safeguarding and return of documents and other materials containing confidential information.

　　　　2.　　I agree to comply with all provisions of the Protective Order. Within 30 days of this lawsuit's conclusion, either by judgment and the expiration of any and all appeals therefrom, or by settlement, I will send to counsel for the producing party a certification that I have complied with the terms of the Protective Order, including, but not limited to, the terms regarding the return or destruction of all information subject to the Protective Order

　　　　3.　　I also hereby submit myself to the jurisdiction of this Court for the purpose of enforcement of any provision of the Protective Order.

Dated:_____　　Signed:_____