IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DWIGHT CHANEY,<br><br>                Plaintiffs,<br><br>    vs.<br><br>ARCHER-DANIELS-MIDLANDS COMPANY,<br><br>                Defendants.<br><br>    vs.<br><br>JACOBS ENGINEERING GROUP, INC. AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>                Third-Party Defendants. | **8:21CV403**<br><br>**ORDER** |

       This matter is before the Court on Plaintiff's Motion to Enlarge Deadline. (Filing No. 46.) Defendant Archer-Daniels-Midland Company opposes the motion. Third-Party Defendants Jacobs Engineering Group, Inc. and Zurich American Insurance Company do not oppose the motion. For the reasons explained below, the motion will be granted.

## BACKGROUND

       On January 10, 2023, Plaintiff filed the instant motion seeking an extension of Plaintiff's October 31, 2022 deadline to disclose expert witnesses. Plaintiff is requesting that the deadline be extended to November 9, 2022—which is the date Plaintiff disclosed Dr. Michael L. Newman as an expert witness. Dr. Newman, a vocational expert, was appointed by the Nebraska Workers' Compensation Court to conduct a Loss of Earning Capacity report in connection with Plaintiff's workers' compensation case against his employer, the Third-Party Defendant in this case. Plaintiff's counsel did not retain Dr. Newman to prepare a report.

       Dr. Newman's report is dated November 7, 2022 and was provided to Plaintiff's counsel on November 9, 2022. That day, Plaintiff's counsel transmitted a supplemental expert disclosure, along with Dr. Newman's report, to Defendant's counsel.

## DISCUSSION

Federal Rule of Civil Procedure 16 allows for modifying scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Gilliland v. Harley-Davidson Motor Co. Group, LLC*, No. 8:12CV384, 2015 WL 1650256, *3 (D. Neb. April 14, 2015) (quotation omitted). Although prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, "the court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id*.

Plaintiff has shown good cause for modifying the progression order. Dr. Newman was appointed by the Nebraska Workers' Compensation Court to complete a Loss of Earning Capacity report in connection with Plaintiff's workers' compensation case. Plaintiff's counsel did not retain Dr. Newman and had no control over Dr. Newman's completion of the report. Moreover, Dr. Newman's report was provided to Plaintiff's counsel only nine days after Plaintiff's expert disclosure deadline. The report was then immediately provided to Defendant's attorney. Based on these series of events and circumstances, Plaintiff has shown diligence in attempting to meet the progression order's deadlines.

Further, Defendant has not been prejudiced by the nine-day delay in receiving Dr. Newman's report. The deposition and dispositive motion deadlines have not expired. Also, the pretrial conference and trial have not been scheduled. Defendant's brief in opposition to Plaintiff's Motion to Enlarge Deadline includes a request that Defendant be given thirty-days to evaluate and consider whether to disclose an expert in rebuttal to Dr. Newman. This request will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Enlarge Deadline (Filing No. 46) is granted. Defendant shall have until April 10, 2023 to evaluate whether it wants to disclose an expert in rebuttal to Dr. Newman. If Defendant decides to disclose such an expert, it shall notify the Court by April 10, 2023. The parties shall meet and confer to determine whether any other deadlines in the progression order need to be modified based on this ruling. If the parties believe modification is necessary, they must submit proposed case progression deadlines to the Court at bazis@ned.uscourts.gov by April 10, 2023.

3

Dated this 9th day of March, 2023.

                                      BY THE COURT:

                                      s/ Susan M. Bazis
                                      United States Magistrate Judge